THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| SHERRIE FRANDSEN, | ) | Case No. 1:06CV32 |
| Plaintiff, | ) | |
| vs. | ) | MEMORANDUM DECISION |
| JO ANNE B. BARNHART, in her capacity as Commissioner of the Social Security Administration, | ) ) ) | |
| Defendant. | ) | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## I. INTRODUCTION

This matter is before the Court on Plaintiff Sherrie Frandsen's brief seeking judicial review of the decision of Defendant Jo Anne B. Barnhart, Commissioner of Social Security, denying her claim for Disability Insurance Benefits, pursuant to 42 U.S.C. § 405(g). The Court has also received and reviewed Defendant's answer brief supporting the Commissioner's decision. The Court is prepared to issue the following decision.

## II. ADMINISTRATIVE PROCEEDINGS

Sherrie Frandsen filed her application for Social Security Disability on March 10, 2003. She alleges she became disabled by mental and physical impairments on August 30, 2000. Plaintiff claimed she suffers from severe mental impairments, including depression and anxiety, and physical impairments including, chronic back pain, osteoporosis, sleep apnea and obesity.

...
...
...
...

Ms. Frandsen's application was denied in initial and reconsideration determinations. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), which was held on January 5, 2005. The ALJ issued a decision on April 21, 2005, finding that although Ms. Frandsen suffers from pain and other limitations associated with her impairments, this does not prevent her from completing a full workday and/or all work activity. The ALJ also found that Ms. Frandsen could return to her past relevant work as a sewing machine operator or telemarketer as previously performed and as generally performed in the national economy. The ALJ concluded that Ms. Frandsen was not disabled as defined by the Social Security Act.

Ms. Frandsen requested review of the ALJ's decision by the Appeals Council. The Appeals Council denied the request for review on January 13, 2006, so the ALJ's decision became the Commissioner's "final decision" under 42 U.S.C. § 405(g). Ms. Frandsen then brought the instant action, seeking judicial review of the Commissioner's decision.

### III. STANDARD OF REVIEW

The Court's review of the Commissioner's decision is limited. The court may not re-weigh the evidence or substitute its judgment for that of the ALJ. *White v. Barnhart,* 287 F.3d 903, 905 (10th Cir. 2002). *See also, Hamilton v. Sec'y of Health & Human Serv.,* 961 F.2d 1495, 1498 (10th Cir. 1992). However, the court should examine the record carefully and review it in its entirety. *See Musgrave v. Sullivan,* 966 F.2d 1371, 1374 (10th Cir. 1992). The court reviews the Commissioner's decision to evaluate whether the record contains substantial evidence to support the findings, and to determine whether the correct legal standards were applied. *Pacheco v. Sullivan,* 931 F.2d 695, 696 (10th Cir. 1991). *Hamilton,* at 1497-98. Substantial evidence is defined as, "such relevant evidence as a reasonable mind might accept as adequate to support a

conclusion." *Richardson v. Perales*, 402 U.S. 389 (1971). However, evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion. *O'Dell v. Shalala*, 44 F.3d 855, 858 (10th Cir. 1994). The court must review the record as a whole to determine if substantial evidence supports the Commissioner's final decision. *Washington v. Shalala*, 37 F.3d 1437, 1439 (10th Cir. 1994). However, where evidence as a whole can support either the agency's decision or an award of previously denied benefits, the agency's decision must be affirmed. *Ellison v. Sullivan*, 929 F.2d 534, 536 (10th Cir. 1990).

A disability is defined in the Social Security Act as "the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. 42 U.S.C. § 423(d)(1)(A)(Supp. 2002). The Act goes on to state that a benefit applicant shall only be found disabled where "his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work." 42 U.S.C. § 423(d)(2)(A).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is "disabled" for the purpose of awarding disability benefits. *Gossett v. Bowen*, 862 F.2d 802, 805 (10th Cir. 1988); 20 C.F.R. §§ 404.1520, 416.920. The first step is to decide whether the claimant is currently engaged in "substantial gainful employment." If the claimant is gainfully employed, he is not disabled, regardless of his medical condition, age, education, and work experience, and his application will be denied. If the applicant is not gainfully employed the evaluation will move to the second step.

The second step is to determine if the claimant has an impairment or combination of impairments that are severe enough to limit his or her ability to perform work activities. This step of the evaluation is based on medical factors alone. If the claimant is found not to have a severe impairment, the claim is denied and the evaluation comes to an end. If it is determined that the claimant does suffer from a "severe impairment," the evaluation will move to the third step.

The third step is to decide whether the impairments meet or equal one of the listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity. If the impairment is listed in Appendix I of subpart P, 20 C.F.R. § 404, the claimant is presumed disabled and his claim is approved without further evaluation. Alternatively, if the impairment is not listed, but is determined to be equal to a listed impairment, the claim will be approved. If the impairment is not listed and not equal to a listed impairment, the evaluation process must continue.

The fourth step of the process requires the claimant's past relevant work to be analyzed. If the applicant's impairment does not prevent the performance of past relevant work, the claim will be denied. However, if the impairment is so severe that the applicant is unable to perform past relevant work, the analysis moves on to the final step.

In the fifth and final step of the evaluation process, the claimant will be deemed disabled and his claim will be granted unless it can be established that the claimant retains the capacity to perform an alternate work activity and that this specific job exists in the national economy. At this point, if the Commissioner does not make the required showing, an award of disability benefits is proper. *Nielson v. Sullivan*, 992 F.2d 118, 122 (10th Cir. 1993).

If a claimant is determined to be disabled or not disabled at any step, the evaluation process ends there. *Sorenson v. Bowen*, 888 F.2d 706, 710 (10th Cir. 1989). The burden of proof is on the claimant through step four; then it shifts to the Commissioner. *See id.* (citing *Ray v. Bowen*, 865 F.2d 222, 224 (10th Cir. 1989)).

## III. DISCUSSION

### A. The ALJ's Decision

In his April 21, 2005 decision, the ALJ found that Ms. Frandsen was not disabled. At step one, the ALJ must determine if the claimant is engaged in substantial gainful employment. The ALJ found that Ms. Frandsen had not performed substantial gainful activity since the onset of her alleged disability.

At step two, the ALJ must determine if the claimant's impairment or combination of impairments is severe. The ALJ in this case found that Ms. Frandsen had the following severe impediments: depression, dysthymic disorder, anxiety disorder, chronic back pain with mild scoliosis, osteoporosis and obesity.

At step three, the ALJ determined that Plainitiff's impairments were not presumptively disabling because they did not meet or equal the requirements of a Listing. Finally, the ALJ found that Plaintiff retained the residual functional capacity to perform a reduced range of light work.

At step four, the ALJ found that Plaintiff's residual functional capacity did not prevent her from performing her past relevant work as a telemarketer and sewing machine operator. Having found that Ms. Frandsen was able to perform past relevant work, the ALJ concluded she was not disabled and denied her claim without proceeding to step five.

## B. The ALJ's Credibility Findings

The ALJ partially based his decision to deny disability benefits on Ms. Frandsen's credibility. "Credibility determinations are peculiarly the province of the finder of fact, and we will not upset such determinations when supported by substantial evidence." *Kepler v. Chater,* 68 F.3d 387, 391 (10th Cir. 1995)(quoting *Diaz v. Secretary of Health & Human Services,* 898 F.2d 774, 777 (10th Cir. 1990)). However, if the ALJ disbelieves Plaintiff's allegations, he must explain what evidence led him to conclude the allegations were not credible. *Kepler,* at 391.

It is important to note that the purpose of the credibility finding in social security cases is to determine whether the plaintiff's allegation of injury is sufficient to allow the claim for benefits. In this case, the ALJ found that Ms. Frandsen's statements concerning her impairments and her ability to work were not entirely credible in light of her description of her activities, the medical treatment required, and the reports of the treating and examining practitioners. The ALJ found that there were jobs that Ms. Frandsen could do, and had in fact done in the past (telemarketer and sewing machine operator). A vocational expert testified that these jobs are skilled, light or sedentary work. The ALJ further found that Dr. Wallace's opinion that the claimant was disabled and unable to work was an issue reserved to the commissioner and adopted Dr. Houston, the medical expert and a specialist in the field's findings that the evidence did not support a meeting or equaling of a Listing level under the Social Security Act.

This Court finds that there is sufficient evidence to support the Commissioner's final decision. As stated above, this Court may not re-weigh the evidence or substitute its judgment for that of the ALJ. If the Court finds that there was substantial evidence to support the agency's decision, then that decision must be affirmed.

## IV. CONCLUSION

The Court recognizes that Ms. Frandsen suffers from a number of painful and difficult medical problems. However, this Court's review of the Commissioner's decision is limited; if there is substantial evidence to support that decision the Court is required by law to affirm.

For the foregoing reasons, the Commissioner's decision denying Ms. Frandsen's claim is hereby affirmed.

DATED this 16th day of November 2006.

BY THE COURT:

_____
DAVID SAM
SENIOR JUDGE
U.S. DISTRICT COURT